IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-MK-2222 (MJW)

DAVID EHRIG,

    Movant,

v.

DENVER MASONIC TEMPLE ASSOCIATION, INC.,

    Respondent.

---

**ORDER DENYING AMENDED MOTION TO CONFIRM ARBITRATION AWARD AND GRANT EXPUNGEMENT**

---

**THIS MATTER** comes before the Court pursuant to the Movant's Unopposed Amended Motion to Confirm Award and Grant Expungement **(# 3)**.

The Movant commenced this action to confirm an arbitration award issued by the National Association of Securities Dealers ("NASD") on September 10, 2004 in *Durango Masonic Temple Association, Inc. v. SunAmerica Securities, Inc.; Robert Coffey; and David Ehrig*, NASD Case. No. 03-02893.  The Court granted the Movant's request in part and confirmed the award, but denied the Movant's request that the Court also direct the NASD to expunge its records of the complaint giving rise to the dispute.  The Court noted that although the Movant represented that the arbitrator had recommended expungement, the Movant had not

1

named the NASD as a party, such that the Court had jurisdiction to enter an order compelling it to take some action; furthermore, the Court noted that the Movant had not attached a copy of the arbitration award to the Motion, and thus, the Court could not determine the nature and scope of the expungement language.

The Movant then filed the instant Amended Motion, which is, in essence, a Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b). In the instant motion, the Movant attaches a copy of the arbitration award, and further explains why it is not necessary to name NASD as a party in order to obtain expungement. In summary, the Movant states that this matter is governed by NASD Notice to Members 90-99, which provides that "NASD Regulation will not expunge information from the CRD system based on a directive contained in an arbitration award . . . unless the award has been confirmed by a court of competent jurisdiction." The Movant also attaches a letter from the NASD, which explains that "Upon receipt of a court order confirming the expungement relief granted in the award, NASD will execute the expungement directive."

Having considered the Movant's additional submissions, the Court is not persuaded that its original ruling was in any way incorrect, nor that the Court's April 15, 2005 Order Confirming Arbitration Award **(# 2)** limits the Movant's ability to gain expungement.

NASD Notice 90-99 provides that expungement will only take place when "the award has been confirmed by a court of competent jurisdiction." Such a confirmation has taken place; the Court's April 15, 2005 Order confirmed the arbitration award. Nothing in NASD Notice 90-

99, the letter from the NASD, nor the arbitration award appears to suggest that the Court must, in addition to confirming the award, separately order the NASD to undertake expungement. Indeed, the arbitrator appeared to understand this to be the case as well, as the award states that "[Movant] must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive."[1]  Accordingly, for the reasons stated in the Court's prior Order, there is no apparent jurisdictional basis for the Court to enter an order against the NASD. Nor, based on the Court's review of the new material submitted by the Movant, is there any

---

[1] Because this sentence anticipates a future proceeding to confirm the award, the reference to "expungement directive" must necessarily refer to the arbitrator's own "directive," not some hypothetical directive the Court might subsequently issue.  Thus, the arbitrator apparently believed that mere confirmation of the award– not a separate judicial order directed at NASD– was necessary to permit the NASD to then carry out the arbitrator's "expungement directive." Of course, this Court's reading of the arbitrator's award is that "the Panel recommends the expungement," but does not directly order it.  (Emphasis added.)   When addressing an arbitration award, this Court may either confirm or deny it, but may not direct relief other than that directed by the arbitrator.  If this language is viewed by the NASD as a directive– as the arbitrator apparently believes it to be– confirmation of the award is apparently sufficient under NASD Notice 90-99 to permit NASD to carry out the arbitrator's directive.  If it is merely a recommendation of expungement, not an order that such expungement take place, the Movant cannot obtain expungement in the first instance from the Court, and must return to the arbitrator for clarification or modification of the award.

3

apparent need to do so. In any event, beyond confirming the award, as it has already done, the Court can do no more. The Movant's Amended Motion **(# 3)** is **DENIED**.

Dated this 11th day of August, 2005

**BY THE COURT:**

*(signature: Marcia S. Krieger)*

Marcia S. Krieger
United States District Judge